UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY HORTON et al.,

    Plaintiffs,

v.                                                    Case No. 8:93-cv-1849-T-23MAP

METROPOLITAN LIFE INSURANCE
COMPANY et al.,

    Defendants.
_____/

**O R D E R**

Pursuant to the All Writs Act, 28 U.S.C. § 1651, Metropolitan Life Insurance Company ("MetLife") moves (Doc. 382-1) for a temporary restraining order enjoining Darrin L. Johns ("Johns") from proceeding to trial in an action ("the Pennsylvania action") in the Pennsylvania Court of Common Pleas, which trial reportedly commences on September 5, 2006. Because MetLife moves for an injunction under the All Writs Act, which dispenses with many of the requirements of a traditional injunction proceeding, MetLife's emergency motion (Doc. 382-1) is construed as a motion for injunction. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004) ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified under the Act, is grounded in entirely separate concerns.").

MetLife contends that the impending Pennsylvania action, which is premised on allegedly unlawful life insurance sales practices, is barred by the April 4, 1994, class settlement agreement (Doc. 35, Ex. 1) and the October 25, 1994, judgment (Doc. 226) and order approving the settlement agreement in this case (Doc. 225) ("the settlement"). MetLife also contends that this actions violates the November 8, 1995, injunction (Doc. 294) enforcing the settlement.  Alleging that Johns is a class member whose current claims were released by the settlement (Doc. 382-1), MetLife requests the court to enjoin the impending Pennsylvania action.

MetLife's motion claims with significant and persuasive detail that Johns willfully disregards this court's previous orders both approving the class settlement (Docs. 225, 226) and enjoining Johns from asserting a claim barred by the settlement (Doc. 294).  In particular, MetLife emphasizes Johns's sworn deposition testimony (Doc. 382-1 at 9-11) as strongly suggesting that the Pennsylvania action, which is based on a 1993 "whole life" insurance policy issued by MetLife, is inextricably linked to Johns's previously enjoined "retirement plan" claim based on the same policy.[1]  This court expressly

---

[1] The salient allegation giving rise to the class claims was that certain MetLife agents made oral or written sales solicitations to sell "whole life insurance as retirement and/or other savings plans or vehicles" without fully disclosing that the product was life insurance (Doc. 224). Accordingly, the certified nationwide settlement class ("the class") comprises:

> [A]ll persons who purchased a MetLife whole life insurance policy as a retirement and/or other savings plan or vehicle, based in whole or in part on written materials or other solicitations that allegedly did not fully disclose that these plans were life insurance products, from (a) the Rick Urso & Associates sales office (or its predecessor office) between January 1, 1988 and October 31, 1993, or (b) any other sales office of MetLife between January 1, 1990 and October 31, 1993 . . . .

(Doc. 225)

retained jurisdiction over this action to enter all necessary and appropriate orders to enforce and protect the settlement agreement (Doc. 226 at 5).

Providing the federal courts with "broad injunctive powers to protect [a federal court's] own judgments," the All Writs Act empowers a district court to "issue all writs necessary or appropriate in aid of [its] jurisdiction." 28 U.S.C. § 1651; Kelly v. Merril Lynch, Pierce, Fenner, & Smith, Inc., 985 F.2d 1067 (11th Cir. 1993). "A court must be allowed to act promptly to protect its jurisdiction from interference by state courts which threaten to destroy its ability to enforce its judgment." Battle v. Liberty Nat'l Life Ins. Co., 877 F.2d 877, 883 (11th Cir. 1989). Likewise, the Anti-Injunction Act permits a district court to enjoin state court proceedings "where necessary in aid of [the district court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is designed to "prevent issues that have already been tried in federal court from being re-litigated in state court." Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993). Finally, a district court that retains exclusive jurisdiction over a settlement agreement has post-judgment ancillary jurisdiction to enforce that agreement (by injunction or otherwise). Kokkonen v. Guardian life Ins. Co. Of Am., 511 U.S. 375, 380-81 (1994). See Syngenta Crop Protection , Inc. v. Henson, 537 U.S. 28, 34 (2002) ("One . . . may apply to the court that approved a settlement for an injunction requiring dismissal of a rival action.").

Accordingly, MetLife's motion for injunction (Doc. 382-1) is **GRANTED IN PART**. Pursuant to the All Writs Act; the Anti-Injunction Act; the final judgment, enforcing injunction, and reservation of jurisdiction in this case; and this court's inherent authority

to preserve the status quo pending resolution of MetLife's motion for injunction, Johns, his attorneys, and all those (with notice of this injunction) acting in concert with Johns are **ENJOINED** from advancing in any court and in any manner, except as authorized by this court, any claim in connection with a 1993 "whole life" insurance policy issued to Johns by MetLife.  This injunction shall become effective immediately upon MetLife's posting with the Clerk of this court a good and sufficient bond of $250,000.00.  This injunction shall remain in effect through **Friday, September 15, 2006**, on which date Johns shall appear at **9:00 A.M.** in Courtroom 15A, United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, to **SHOW CAUSE** why this injunction should not become permanent.  Any briefs, memoranda, witness or exhibit lists, motions, or other papers (by either party) pertinent to the show cause hearing shall be filed no later than **12:00 P.M., Wednesday, September 13, 2006.**

ORDERED in Tampa, Florida, on September 1, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE