UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRY HORTON et al.,

    Plaintiffs,

v.                                                 Case No. 8:93-cv-1849-T-23MAP

METROPOLITAN LIFE INSURANCE
COMPANY et al.,

    Defendants.
_____/

**ORDER**

Pursuant to the All Writs Act, 28 U.S.C. § 1651, Jesus Fuentes ("Fuentes") moves (Doc. 407) for an order (1) enforcing the terms of the class settlement agreement as to Fuentes, and (2) compelling the attorneys for the plaintiff class, and specifically McCarter & English, LLP, ("McCarter"), to represent Fuentes in this matter or to allow Fuentes to exclude himself from the plaintiff class. The defendant Metropolitan Life Insurance Company ("Metlife") responds (Doc. 410) in opposition.

On November 1, 1993, Horton v. Metropolitan Life Ins. Co., Case No. 93-cv-1849-T-23A, commenced as a putative class action (Doc. 1) on behalf of those who purchased a whole life policy from MetLife allegedly under the guise of a retirement savings plan. The class alleged that certain MetLife agents solicited the sale of "retirement and/or other savings plans or vehicles" without fully disclosing that the product sold was actually whole life insurance (Doc. 224). Accordingly, an April 22, 1994, order (Doc. 48) certifies a class ("the Horton class") comprising:

> [A]ll persons who purchased a MetLife whole life insurance policy as a retirement and/or other savings plan or vehicle, based in whole or in part on written materials or other solicitations that allegedly did not fully disclose that these plans were life insurance products, from (a) the Rick Urso & Associates sales office (or its predecessor office) between January 1, 1988 and October 31, 1993, or (b) any other sales office of MetLife between January 1, 1990 and October 31, 1993 . . . .

Additionally, the April 22, 1994, order requires notice to the class of the proposed settlement, provides the form and method of notice, and prescribes the exclusive method for a class member to "opt out" of the Horton class or object to the proposed settlement.  Specifically, the class certification order requires any potential class member electing to "opt out" of the proposed settlement to submit a written request for exclusion on or before June 13, 1994.  The prescribed notice cautions that any potential class member who fails to timely "opt out" abandons "the right to file an individual lawsuit against MetLife, or any person affiliated with MetLife, relating to the sale, solicitation, and purchase of the whole life policies that are the subject of this lawsuit" (Doc. 35 at 55).  A subsequent order (Doc. 225) approves the class action settlement ("the class settlement") and provides that the class settlement "is and shall be binding on all settlement class members" (Doc. 225 at 1).  A final judgment (Doc. 226) dismisses with prejudice the claims of the class and discharges MetLife from any related claim by any member of the class.

Fuentes believes that he is a member of the class because (1) some time after September, 1989, Fuentes and his wife (Doc. 407 at 5) "were solicited, at their home [in Central Islip, New York], by a sales representative–presumably, from a local [Metlife] office, or an affiliate agency thereof–in order to sell them individual insurance

policies/plans which also served as a 'retirement and/or savings plan or vehicle'" and Fuentes purchased an individual policy, and (2) some time before June 7, 2002, Fuentes received (Doc. 407 at 6) a copy of a "Benefit Voucher" (the "Fuentes voucher") (addressed to Fuentes but mistakenly sent to his ex-wife's address) advising him of the class action and a proposed settlement.  Fuentes attempted to determine the status of the class action and his rights as a class member and to obtain information relating to claims procedures in a correspondence that included letters (1) to Metlife, (2) to Lorna Schofield, whom Fuentes mistakenly[1] believed to be counsel for the Horton class, (3) to Ronald Parry of the law firm of Arnzen, Parry & White, P.S.C., and (4) most recently, to McCarter, whom Fuentes mistakenly believes to be counsel for the Horton class.[2] Fuentes filed this motion after neither Metlife nor "the attorneys representing the plaintiff" responded to his inquiries.

Metlife contends that Fuentes is not a member of the Horton class and, even if he were, McCarter, as counsel for the defendant Metlife, does not represent Fuentes and cannot represent Fuentes consistently with McCarter's obligations to Metlife and applicable rules of professional conduct.

Metlife is correct.  A comparison of the Fuentes voucher (Doc. 407-2) with a September, 1999, sample notification packet (see Doc. 410-2 and 410-6) sent to class members in In re Metropolitan Life Insurance Co. Sales Practices Litigation, Misc. No. 96-179, MDL No. 1091 (W.D. Pa. filed Mar. 15, 1996) (the "Pennsylvania class action"),

---

[1] Ms. Schofield of Debevoise & Plimpton was counsel for the defendant Metlife.  A January 20, 1999 order granted Debevoise & Plimpton's motion to withdraw as counsel for the defendant.

[2] B. John Pendleton of McCarter & English, LLP, represents the defendant Metlife, not the plaintiff class.

and particularly a sample "Benefit Voucher" included in the packet (Doc. 410-6 at 52), demonstrates that the Fuentes voucher relates to the Pennsylvania class action, not to the <u>Horton</u> class action.[3]  Additionally, McCarter does not and cannot[4] represent Fuentes in this matter.

Fuentes seeks relief in the wrong court and the wrong lawsuit.  Accordingly, Fuentes's motion (Doc. 407) is **DENIED**.

ORDERED in Tampa, Florida, on December 21, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, Metlife notes that the Fuentes voucher identifies the Fuentes insurance policy as policy no. 916310199UL, and Metlife contends that (as the suffix "UL" indicates) the policy referred to is a universal life insurance policy, not a whole life policy. Because the Fuentes policy is not a whole life policy, the policy does not bring Fuentes within the Horton class definition.

[4] <u>See</u> Model Rules of Prof'l Conduct 1.7 ("[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client . . . ."); <u>see also</u> Local Rule 2.04(d).